UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **TYRONE A. EVANS,**<br>**LAWRENCE BEASLEY,**<br>**SYLVESTER WASHINGTON, JR**<br>**JARED J. CAMERON, and**<br>**LEONARD JOHNSON**,<br><br>Plaintiffs,<br><br>v.<br><br>**GRETCHEN WHITMER**<br>**HEIDI WASHINGTON**[1]**, and**<br>**CONNIE HORTON**,<br><br>Defendants. | 2:20-CV-11116-TGB-EAS<br><br><br>**ORDER TRANSFERRING**<br>**CASE TO THE UNITED**<br>**STATES DISTRICT COURT**<br>**FOR THE WESTERN**<br>**DISTRICT OF MICHIGAN** |

This matter has come before the Court on a *pro se* civil rights complaint under 42 U.S.C. § 1983. The plaintiffs are five prisoners who are confined at the Chippewa Correctional Facility in Kincheloe, Michigan. The defendants are: Gretchen Whitmer, Governor of the State of Michigan; Heidi Washington, Director of the Michigan Department of Corrections; and Connie Horton, warden at the Chippewa Correctional

---

[1] The Court has amended the plaintiffs' caption for this case because this defendant is listed as "Hide Washington" in the complaint. *See* Compl., ECF No. 1, pp. 1, 6. The Court takes judicial notice that the defendant's first name is "Heidi," not "Hide." *See* www.Michigan.gov/corrections.

Facility. Plaintiffs allege that the overall conditions, including overcrowding, at the Chippewa Correctional Facility make it impossible to prevent the contraction and spread of COVID-19 among prisoners and employees of the Michigan Department of Corrections. They seek declaratory and injunctive relief.

In view of these allegations and the place where they are alleged to have taken place, a preliminary question is whether this district is the proper venue for Plaintiffs' complaint. A civil action may be filed in

> **(1)** a judicial district in which any defendant resides, if all [the] defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Public officials "reside" in the judicial district where they perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (per curiam) (quoting 1 Moore's Federal Practice 1487-88). And a district court may transfer a civil action to any district where the action could have been brought. 28 U.S.C. §§ 1404(a) and 1406(a).

The events or omissions giving rise to Plaintiffs' complaint occurred at the Chippewa Correctional Facility in Kincheloe, Michigan. Furthermore, the defendants maintain offices in either Lansing, Michigan or Kincheloe, Michigan. Lansing is located in Ingham County, and Kincheloe is located in Chippewa County. Both counties lie within the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1) and (b)(2). Accordingly, the proper venue for Plaintiffs' complaint is the United States District Court for the Western District of Michigan.

The Court therefore orders the Clerk of Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §§ 1391(b), 1404(a), and 1406(a). The Court has not screened Plaintiffs' complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, nor determined whether Plaintiffs' may proceed without prepayment of the fees and costs for this action.

**IT IS SO ORDERED**.

DATED: May 14, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge